**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| Gabrielle Olshemski, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.   1:20-cv-2946 |
| | ) | |
| G.L.A. Collection Company, Inc., a | ) | |
| Kentucky corporation, | ) | |
| | ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

## COMPLAINT

Plaintiff, Gabrielle Olshemski, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et seq.</u> ("FDCPA"), for a finding that Defendant's form debt collection letter violated the FDCPA, and to recover damages, and alleges:

### JURISDICTION AND VENUE

1.      This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.      Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendant transacts business here.

### PARTIES

3.      Plaintiff, Gabrielle Olshemski ("Olshemski"), is a citizen of the State of Indiana, residing in the Southern District of Indiana, from whom Defendant attempted to collect defaulted consumer debts, which she allegedly owed for medical services.

4.      Defendant, G.L.A. Collection Company, Inc. ("GLA"), is an Kentucky corporation, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, defaulted

consumer debts that it did not originate, in several states, including in the State of Indiana. In fact, Defendant GLA was acting as a debt collector as to the defaulted consumer debts at issue here.

5.     Defendant GLA is authorized to conduct business in Indiana, and maintains a registered agent here, see, record from the Indiana Secretary of State, attached as Exhibit A. In fact, Defendant conducts business in Indiana.

6.     Defendant GLA is licensed as a debt collection agency in the State of Indiana, see, record from NMLS Consumer Access, attached as Exhibit B. In fact, Defendant acts as a collection agency in Indiana.

## FACTUAL ALLEGATIONS

7.     Defendant sent Ms. Olshemski two initial form collection letters, both dated June 23, 2020. These collection letters stated that they were "RE: Urology Of Indiana LLC", and then further stated "[Y]our account has been placed with our company for collection". The letters failed to advise Plaintiff as to the name of the creditor to whom the debts were then owed. Copies of Defendant's collection letters are attached as Group Exhibit C.

8.     Because the letters did not explain whether Urology Of Indiana LLC was, and still is, the creditor to whom the debts were owed, and because they did not say that GLA represented Urology Of Indiana LLC to collect the debts at issue and, instead, stated that "Your account has been placed with our company for collection" by an unidentified entity, Ms. Olshemski was unsure as to whom she owed the debts at issue, which worried and concerned her. Thus, Defendant's letter failed to effectively state the name of the creditor to whom the debts were then owed.

9.      A statement that Urology Of Indiana LLC still owned the debts and was the  creditor to whom the debts were then owed, would have sufficed to identify effectively the name of the creditor to whom the debts were then owed.

10.     Violations of the FDCPA which would lead a consumer to alter his or her course of action as to whether to pay a debt, or which would be a factor in the consumer's decision making process, are material, see, Lox v. CDA, 689 F.3d 818, 827 (7th Cir. 2012). Moreover, the identification of the creditor is such a factor because, amongst other things, it is a factor for a consumer in determining whether an attempt to collect a debt is fraudulent, see, Janetos v. Fulton, Friedman & Gullace, 825 F.3rd 317, 319-25 (7th Cir. 2016). Plaintiff was, in fact, confused as to whom she owed the debts at issue.

11.     Defendant's collection actions complained of herein occurred within one year of the date of this Complaint.

12.     Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard, see, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## Violation Of § 1692g(a)(2)
## Failure To Identify Effectively The Current Creditor

13.     Section 1692g of the FDCPA requires that, within 5 days of Defendant's first communication to a consumer, it had to provide Ms. Olshemski with an effective validation notice, containing, among other disclosures, "(2) the name of the creditor to whom the debt is owed" see, 15 U.S.C. § 1692g(a)(2).

14.     Defendant's form collection letters violate § 1692g(a)(2) of the FDCPA because they failed to identify effectively the name of the creditor to whom the debts

were owed, <u>see</u>, <u>Janetos</u>, 825 F.3d at 321-23; <u>see also</u>, <u>Steffek v. Client Services, Inc.</u>, 948 F.3d 761, 766-67 (7th Cir. 2020).

15.     Defendant's violations of § 1692g of the FDCPA render it liable for damages, costs, and reasonable attorneys' fees, <u>see</u>, 15 U.S.C. § 1692k.

**PRAYER FOR RELIEF**

Plaintiff, Gabrielle Olshemski, prays that this Court:

1.     Find that Defendant's form collection letters violate the FDCPA;

2.     Enter judgment in favor of Plaintiff Olshemski and against Defendant, for damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3.     Grant such further relief as deemed just.

**JURY DEMAND**

Plaintiff, Gabrielle Olshemski, demands trial by jury.

Gabrielle Olshemski,

By: /s/ David J. Philipps
One of Plaintiff's Attorneys

Dated:  November 10, 2020

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angie@philippslegal.com

John T. Steinkamp  (Ind. Bar No. 19891-49)
John Steinkamp & Associates
5214 S. East Street
Suite D1
Indianapolis, Indiana 46227
(317) 780-8300
(317) 217-1320 (FAX)
John@johnsteinkampandassociates.com